JS-6
O

# United States District Court
# Central District of California

| | |
|---|---|
| HOLLYVALE RENTAL HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLINA CIPRIANA HERNANDEZ; ERICK GONZALEZ; and DOES 1–10, inclusive,<br><br>    Defendants. | Case No. 2:17-cv-00346-ODW (MRW)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AS UNOPPOSED [7]** |

    The Court previously remanded this unlawful detainer action to the California Superior Court, County of Los Angeles on November 23, 2016. *See Hollyvale Rental Holdings, LLC v. Carolina Cipriana Hernandez*, Case No. 16-cv-7635 (C.D. Cal. 2016). On December 2, 2016, the state court ruled in favor of Plaintiff Hollyvale Rental Holdings, LLC, and against Defendant Hernandez, awarding Plaintiff $5,035 and possession of the premises. (Notice of Entry of State Court Judgment, ECF No. 5-1.) On January 17, 2017, the state court denied Defendant Gonzalez's claim to right

of possession.¹ (Notice of Entry of State Court Judgment, ECF No. 5-2.) That same day, Defendants again removed the case, alleging federal question jurisdiction, diversity jurisdiction, and federal civil rights jurisdiction pursuant to 28 U.S.C. § 1443.² (Not. of Removal 4, ECF No. 1.)

On February 1, 2017, Plaintiff filed the instant motion to remand arguing that Defendants improperly removed this action to federal court. (Mot. 5–7, ECF No. 7.) A hearing on the motion was set for March 2, 2017. Defendants' opposition to the motion was due on February 9, 2016, twenty-one days before the hearing. *See* L.R. 7-9. However, Defendants did not file an opposition by that date.

The Court agrees with Plaintiff that Defendants improperly removed this action to federal court. To begin, this California unlawful detainer action contains no claim "arising under the Constitution, laws, or treaties of the United States" that would allow for federal question jurisdiction. (Compl. 1, ECF No. 7-5); *see also* 28 U.S.C. § 1331; *Thawani v. Robertson*, No. 16-CV-03732-JCS, 2016 WL 4472986, at *1 (N.D. Cal. July 18, 2016), *report and recommendation adopted*, No. C 16-03732 WHA, 2016 WL 4436308 (N.D. Cal. Aug. 23, 2016) ("Unlawful detainer is a state law claim that does not implicate federal law.").

Further, the parties are not completely diverse and the amount in controversy does not exceed $75,000 as required for diversity jurisdiction. *See* 28 U.S.C. § 1332. Both parties are citizens of California and the removed case is a limited civil action with damages "not [to] exceed $10,000." (*See* Compl. 1; *see also* Mot. 6.)

Finally, Defendants' defenses do not provide a basis for federal civil rights jurisdiction under 28 U.S.C. § 1443. Section 1443 allows removal where defendants "assert as a defense to the [action], rights that are given to them by explicit statutory

---

¹ Defendant Gonzalez is merely a claimant that lives at the same address as Defendant Hernandez, he is not truly a defendant in this lawsuit. (*See* ECF No. 5-2.)

² The state court case number in *Hollyvale Rental Holdings, LLC v. Carolina Cipriana Hernandez*, Case No. 16-cv-7635 (C.D. Cal. 2016) was 16F03710. The state court case number for the present case is also 16F03710.

enactment protecting equal racial civil rights" and "assert that the state courts will not enforce th[ose] right[s]." *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006). Here, Defendants assert the federal Protecting Tenants at Foreclosure Act and the California Homeowner's Bill of Rights as defenses. (Not. of Removal 2–5.) Neither of these defenses relates to the protection of equal *racial* civil rights. Indeed, there is no indication that race plays any role in this case. Thus, Defendants' claim to federal jurisdiction under 28 U.S.C. § 1443 fails. *See Working Dirt LLC v. Raynor*, No. 16-CV-5444 YGR, 2016 WL 6124707, at *2 (N.D. Cal. Oct. 20, 2016) (denying 28 U.S.C. § 1443 removal where the case lacked any racial-equity component); *Duke Partners II, LLC v. Vonquerner*, No. 5:16-CV-05542-HRL, 2016 WL 6273928, at *2 (N.D. Cal. Oct. 27, 2016) (same); *Baldini Real Estate, Inc. v. Cruz*, No. 15-CV-2932 YGR, 2015 WL 4760510, at *2 (N.D. Cal. Aug. 12, 2015) (same).

As Defendants did not timely file an opposition to Plaintiff's motion to remand and there does not appear to be any basis for federal subject matter jurisdiction, the Court invokes its authority under Local Rule 7-12 to **GRANT** Plaintiff's motion as unopposed. This case shall be remanded back to the Superior Court of California, County of Los Angeles for further proceedings.

**IT IS SO ORDERED.**

February 15, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**